IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| **RHONDA LEWIS**, on behalf of herself and all others similarly situated,<br><br>    Plaintiff,<br>v.<br><br>**RIVER NORTH TRANSIT, LLC**, d/b/a **VIA TRANSPORTATION, INC.**,<br><br>    Defendant. | Case No.:<br><br>**ORIGINAL COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Rhonda Lewis individually and on behalf of all others similarly situated, for her complaint against River North Transit, LLC d/b/a Via Transportation, Inc. says as follows:

## NATURE OF THE CASE

1. This is an action for independent contractor misclassification and overtime claims brought by Plaintiff Rhonda Lewis ("Plaintiff") on behalf of herself and all others similarly situated. Plaintiff has worked for defendant River North Transit, LLC ("Defendant") as a driver in Wisconsin.

2. Plaintiff brings this collective action on behalf of all individuals who drove or otherwise transported persons or things for Defendant in the United States in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq*., to recover damages suffered as a result of Defendant's misclassification of them as independent contractors, including unpaid overtime compensation.

3. Defendant engaged in this behavior willfully and without regard to the economic welfare of its employees and with full knowledge that Plaintiff and the Collective Class were conferring benefits upon Defendant that were improperly procured. Accordingly, in addition to

**Plaintiff's Original Complaint**      **Page - 1**

the relief requested above, Plaintiff also seeks to recover for herself and the Collective Class liquidated damages, interest, costs, and attorneys' fees.

## JURISDICTION AND VENUE

4. This Court has original subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because Plaintiff and the Collective Class have brought a claim pursuant to the FLSA, 29 U.S.C. § 201 *et seq*.

5. Venue in this District is proper under 28 U.S.C. § 1391 because Defendant employed Plaintiff in this District, Defendant operates in this District, and a substantial part of the events giving rise to the claim herein occurred in this District.

## THE PARTIES

6. Plaintiff Rhonda Lewis is an adult resident of Milwaukee, Wisconsin. She was employed, as that term is defined by the FLSA, by the Defendant from on or about February 2022. She continues to be employed by Defendant as of the day she filed this Complaint. Plaintiff Rhonda Lewis hereby gives her consent to be a party plaintiff in this action, and her written consent is attached hereto as **Exhibit A.**

7. Plaintiff and the Collective Class are Defendant's current and former drivers who were classified by Defendant as independent contractors and worked more than forty hours on Defendant's behalf during weeks covered by this lawsuit without receiving overtime pay. At all times during the relevant statute of limitations period, Plaintiff and the Collective Class were individual employees who were engaged in commerce as defined by 29 U.S.C. §§ 206 & 207.

8. Defendant River North Transit, LLC is a limited liability company organized and existing under the laws of the State of Delaware, and is headquartered and maintains its principle place of business at 10 Crosby Street Floor 2, New York, New York 10013.

## FACTUAL COLLECTIVE ALLEGATIONS

9. Defendant is a self-described transportation company. Its purpose is to transport passengers to or from non-emergency medical appointments such as routine doctors' visits, methadone clinic appointments, dialysis appointments, and the like.

10. During the relevant statute of limitations period, Defendant hired drivers, to provide passenger transportation services throughout the United States.

11. During the relevant statute of limitations period Plaintiff was one of hundreds, if not thousands, of drivers throughout the United States hired to transport Defendant's passengers.

12. Drivers are an integral and essential part of Defendant transportation business. Without Plaintiff and the Collective Class, Defendant could not operate.

13. Upon information and belief, Defendant recruits drivers in a number of different ways.

14. An ability to drive, and no other skill or initiative, is necessary to become a driver for the Defendant. Defendant finds all riders for its drivers, and maintains all reservations, scheduling and dispatching functions. It delivers rides to its drivers via digital manifests the night prior, completely routed. Drivers need only fill their route commitments daily. The command center handles the rest.

15. Nor does it take any specialized education or extensive training to become a driver for the Defendant. Interested applicants need only watch orientation videos and conduct a background / driving history check.

16. As a prerequisite to hiring, Plaintiff and each of the putative class members was required to sign an Independent Contractor Agreement (the "Contract") with Defendant.

17. Under the terms and conditions of the Contract, Defendant has the right to control and direct the performance of Plaintiff's work. Defendant in fact regularly exercises such control and direction over Plaintiff, making her job performance contingent only on her ability to fill route commitments.

18. Among other things, the Contract:

   a. Provides for a continuous at-will relationship that ends only if Defendant terminates the driver, which Defendant may do under the agreement upon written notice for any reason whatsoever, and upon any notice if a driver is late to scheduled departure or arrival times, fails to accept assigned trips, or in response to customer complaints;

   b. Sets driver wages—deemed "rates"—per trip depending on a variety of factors, but not on the number of hours worked. Rates may be "fixed" or "variable.";

   c. Provides for the deduction of wages in a variety of ways;

   d. Controls the drivers' on-the-job conduct;

   e. Requires drivers to be equipped with mobile phones capable of accessing Defendant reservations and scheduling software. Defendant uses this application to schedule client transportation, assign trips to drivers, route the drivers' trips, track the drivers' GPS location, and requires drivers to use it to provide status updates, among other things;

   f. Mandates that drivers pass a background check and an alcohol and drug screen, have safe driving records, have no evidence of moving violations in the year prior to starting, be able to speak, read, and write in English sufficient to communicate with Defendant's customers and dispatchers, read maps, and record data;

g. Imposes upon drivers a duty to maintain a vehicle meeting particular specifications as dictated by Defendant;

h. Requires drivers to obtain general liability, auto liability, and workers' compensation insurance; and

i. Purports to designate Defendant's drivers as "Independent Contractors."

19. Upon information and belief, every driver in the Collective Class was required to sign the same or a substantially similar Contract prior to working for Defendant.

20. Upon information and belief, Defendant in fact deducts from the amounts owed to Plaintiff and the Collective Class as described above.

21. Practically speaking, Defendant exercises control over the day-to-day activities of Plaintiff and the Collective Class in a manner consistent with the Contract, or to an even greater extent.

22. For example, not only does the Contract require drivers to take the shortest route between a pickup location and a delivery, in practice, Defendant provides its drivers the directions to take, and tracks the drivers' location via GPS.

23. As a result, Plaintiff and the Collective Class perform transportation services for the Defendant for more than forty hours, and in most cases, more than fifty hours each week.

24. Despite working more than forty hours a week on a regular basis, the Defendant does not pay their drivers overtime compensation.

25. As a practical matter, because of Defendant's labor and employment practices, neither Plaintiff nor the Collective Class are able to offer their transportation services on their own behalf or for anyone independent of the Defendant. They are entirely dependent upon Defendant for work.

26. The services Plaintiff and the Collective Class provide on behalf of Defendant constitute a regular and continuing part of its business.

27. Defendant's customers include local and regional healthcare systems, veteran's administration hospitals, transit authorities, and others.

28. Upon information and belief, the only passengers that Plaintiff and the Collective Class transport are Defendant customers or their beneficiaries.

29. Upon information and belief, Defendant drivers are not hired to serve a specific customer.

30. Upon information and belief, the only transportation services that Defendant offers to its customers or their beneficiaries are provided by Plaintiff and the Collective Class.

31. Neither Plaintiff nor the Collective Class are permitted to negotiate with Defendant's customers to increase or otherwise change their rate of pay, or to otherwise independently value the services they are providing.

32. Upon information and belief, Defendant collects customer payments, and remits payment to each driver pursuant to an invoicing and dispute process after making deductions as described in the Contract.

33. Neither Plaintiff nor the Collective Class are allowed to collect customer payments in their own name, and Defendant also prohibits them from accepting tips for their services.

34. Because the Defendant controls the price that customers pay for driver services, the collection of customer payments, the rate of pay for Defendant's drivers, make it practically impossible for drivers to perform work in their own name or for another company, prohibit drivers from accepting tips, require drivers to take predetermined rides and follow predetermined

directions, and refuse to reimburse drivers for business expenses, Plaintiff and the Collective Class have no significant opportunity for profit or loss.

35. Upon information and belief, Defendant performs sales, marketing, and advertising tasks for its drivers.

36. Upon information and belief, Defendant employs a customer relations team that resolve escalating customer service issues for all Defendant drivers.

37. In addition to the full service contracting, sales, marketing, and customer relations services Defendant provided, Defendant also provided the key materials Plaintiff and the Collective Class needed to perform their duties—vehicles.

38. Defendant did so through use of a lease agreement whereby Defendant provided Plaintiff and the Collective Class with the right to possess and use a motor vehicle for an indefinite period of time. Upon information and belief, all motor vehicles provided to and operated by Plaintiff and the Collective Class are sedans or wheelchair accessible vans weighing less than 10,000 lbs.

39. Drivers must perform preventative maintenance at their sole cost and expense.

40. Plaintiff and the Collective Class are employees of Defendant under the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

41. Pursuant to 29 U.S.C. § 216(b), Plaintiff brings claims under the FLSA on behalf of all similarly situated individuals who may choose to "opt-in" to this action for unpaid wages and unpaid overtime, both of which were knowing and willful violations.

42. At all material times, Defendant acted, directly or indirectly, in the interest of an employer or joint employer with respect to Plaintiff and the Collective Class.

43. At all material times, Defendant has been the employer or joint employer of Plaintiff and the Collective Class within the meaning of 29 U.S.C. § 203(d).

44. At all material times, Plaintiff and the Collective Class were engaged in commerce within the meaning of 29 U.S.C. § 203(b) as required by 29 U.S.C. §§ 206 and 207.

45. All potential opt-in plaintiffs are similarly situated, as Defendant's policy and practice is to classify all drivers as independent contractors, not pay any regard to individualized circumstances, and, thus, broadly deny plaintiff and all potential class members adequate wages or overtime compensation was applicable to all drivers throughout the United States and resulted in a violation of the FLSA.

46. Accordingly, Plaintiff defines the Collective Class to include:

> All persons who transported persons or things for Defendant within the United States and worked more than 40 hours in a workweek without receiving overtime pay during the relevant statute of limitations period.

47. The claim meets the requirements for collective action certification under the FLSA.

## CAUSES OF ACTION

### COUNT I (Collective Action)
### Violation of the Fair Labor Standards Act

48. Plaintiff incorporates by reference Paragraphs 1 – 48.

49. Defendant's knowing and willful failure to properly pay wages to Plaintiff and the Collective Class based on their misclassification as "independent contractors" violates the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*

50. Defendant's knowing and willful failure to properly pay overtime compensation at a rate of time-and-a-half for hours worked more than forty (40) in a workweek by Plaintiff and the

Collective Class based on their misclassification as "independent contractors" violates the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*

## **RELIEF SOUGHT**

**WHEREFORE,** Plaintiff, and all those similarly situated, collectively pray that this Honorable Court hold the Defendant liable, and seek judgment against the Defendant as follows:

A. An order conditionally certifying a class of similarly situated individuals under the FLSA and directing the issuance of notice informing affected individuals of their right to opt-in to this action. With respect to the claim under the FLSA, Plaintiff seeks certification of a collective class that includes all persons who performed driving services or were otherwise part of Big Star's "network of providers" during the relevant limitations period.

B. A finding that Defendant's violations of the FLSA were willful and knowing, and therefore subject to a three-year statute of limitations.

C. All damages to which Plaintiff and the Collective Class are entitled pursuant to applicable law.

D. Liquidated damages, pursuant to federal law.

E. Attorney's fees, costs, and interest allowed by law.

F. Such other relief as the Court may deem proper and just.

Respectfully Submitted,

/s/ *J. Forester*
**Jay Forester**
Texas Bar No. 24087532
**FORESTER HAYNIE PLLC**
400 N. St. Paul Street, Suite 700
Dallas, TX 75201
(214) 210-2100 (phone)
(214) 346-5909 (fax)

jay@foresterhaynie.com

**ATTORNEY FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

This is the Original Complaint. Service of this Complaint will be made to Defendant with summons to be issued by the clerk according to the Federal Rules of Civil Procedure.

/s/ *J. Forester*
**Jay Forester**